IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERESA A. MONTEAGUDO ARGUETA, Individually and On Behalf of All Similarly Situated Persons, Plaintiff, | § § § § § | |
| V. | § | CIVIL ACTION NO. 4:17-cv-1932 |
| ALL AMERICAN CLOTHING, INC. Defendant. | § § § § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §201 *et seq.* ("FLSA"). This action is brought to recover unpaid minimum wages and overtime compensation, liquidated damages, costs, and attorney's fees owed to Plaintiff Teresa Amalia Monteagudo Argueta and all other similarly situated employees ("Members of the Class"), by Defendant, its subsidiaries and affiliated companies.

### Parties

1. Plaintiff Teresa A. Monteagudo Argueta ("Monteagudo") is a former employee of the Defendant, as that term is defined by the FLSA, and is represented by the undersigned.

2. Defendant All American Clothing, Inc. ("AAC") is a Texas corporation that was an "employer" of Monteagudo as that term is defined by the FLSA. With respect to Plaintiff and the Members of the Class, AAC is subject to the provisions of the FLSA. AAC was at all relevant times an enterprise engaged in interstate commerce with gross annual revenues in excess of $500,000. Defendant AAC may be served with process through its registered agent, Faran Momin, at 1825 Turning Basin Drive, Suite 300, Houston Texas 77029 or wherever agent may be found.

**Jurisdiction and Venue**

3. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well. At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet. At all times pertinent to this Complaint, Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce and her work was essential to Defendant's business. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant and Plaintiff transacted business within this judicial district and some of the events underlying this complaint occurred within this judicial district. Upon information and belief, Defendant conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

**Factual Allegations**

4. Monteagudo worked for Defendant as a general worker/clothing sorter from March January of 2015 to May of 2016, and again from March of 2017 to June of 2017. Monteagudo's duties included, but were not limited to, unpacking and sorting through clothing items delivered to Defendant's warehouse in shipping containers, separating items by quality and condition, packing (repacking) the chosen clothing items into other available containers for shipment to clothing stores. Plaintiff regularly worked more than 40 hours a week throughout her

employment with Defendant. Monteagudo was paid on an hourly basis, but was not paid at all for hours worked over 40. In other words, as far as Plaintiff recalls, Defendant failed to ever pay her for hours she worked in excess of 40.

5. At all times relevant hereto, the Defendant knew of, approved of, and benefited from Plaintiff's regular and overtime work. Plaintiff was not an "exempt" employee.

6. Defendant is liable to Plaintiff under the FLSA for all unpaid minimum wages and/or overtime compensation as well as for liquidated damages, attorney's fees, out of pocket expenses and costs. Due to the knowing and willful conduct of Defendant in violating the FLSA, Plaintiff, and every employee similarly situated, is entitled to recover unpaid overtime compensation and liquidated damages for a period of three years prior to the filing of this case.

**Plaintiff's Individual Allegations**

7. As a non-exempt employee, Plaintiff was entitled to be paid her regular wages and to be paid an overtime premium for all work performed during the hours worked over 40 hours in each workweek. Defendant failed to pay the Plaintiff for hours worked in excess of 40 in most workweeks that the Plaintiff was employed by Defendant during the Relevant Time Period, as the Plaintiff worked in excess of 40 hours in most weeks. Plaintiff was paid on hourly rate basis, but was not paid at all for hours worked over 40.

8. No exemption excuses the Defendant from paying Plaintiff for all time spent and work performed during the hours she worked, and the Defendant has not made a good faith effort to comply with the FLSA. As such, the Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiff. Such practice was and is a clear violation of the FLSA.

**Collective Action Allegations**

9. Other employees have been victimized by the Defendant's pay practices and

policies that are in willful violation of the FLSA. A number of these employees have worked with Plaintiff. Thus, Plaintiff is aware of the illegal practices or policies that the Defendant has imposed on the Members of the Class. Specifically, through speaking with other employees, Plaintiff is aware that Defendant makes a regular practice of not paying employees for hours worked over 40 in a workweek.

10. The Members of the Class performed work that is similar in nature to that performed by Plaintiff; these individuals worked alongside the Plaintiff performing the same type of non-exempt work that the Plaintiff performed. Accordingly, the employees victimized by the Defendant's unlawful practices are similarly situated to Plaintiff in terms of their job duties.

11. Further, each member of the class was paid according to a common payment scheme. Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are, therefore, similarly situated in terms of pay provisions.

12. The Defendant's failure to pay its employees as required by the FLSA resulted from a generally applicable policy independent of any personal circumstances of the Members of the Class. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiff's experience is typical of the experiences of the Members of the Class.

13. No justification or exemption excused the Defendant from paying the Members of the Class for all work performed and time spent working, and the Defendant did not make a good faith effort to comply with the FLSA. As such, the Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to the Members of the Class.

14. Accordingly, the class of similarly situated Plaintiffs is properly defined as:

**All persons employed by Defendant All American Clothing, Inc. and paid on an hourly basis during the three-year period preceding the filing of this Complaint.**

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

15. Based on the foregoing, Defendant violated the FLSA by failing to properly compensate Plaintiff and Members of the Class for work performed in the employ of the Defendant.

16. Plaintiff and Members of the Class have suffered damages as a direct result of Defendant's illegal actions.

17. Defendant is liable to Plaintiff and all Members of the Class for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Demand for Jury

18. Plaintiff demands a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons employed by All American Clothing, Inc. and paid an hourly rate during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendant for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendant that its violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;

6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

/s/ Josef F. Buenker
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFF TERESA A. MONTEAGUDO ARGUETA**

**OF COUNSEL:**
Vijay A. Pattisapu
TBA No. 24083633
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFF TERESA A. MONTEAGUDO ARGUETA**