UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERESA A. MONTEAGUDO ARGUETA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-1932 |
| | § | |
| ALL AMERICAN CLOTHING, INC., | § | |
| | § | |
| *Defendant*. | § | |

### ORDER

Pending before the court is a motion for conditional certification of a collective action filed by plaintiff Teresa A. Monteagudo. Dkt. 14. Defendant All American Clothing, Inc. did not respond. Having considered the motion, the relevant documents in the record, and the applicable law, the court is of the opinion that the motion (Dkt. 14) should be GRANTED.

### I. BACKGROUND

In this Fair Labor Standards Act ("FLSA") case, All American Clothing buys used clothing and sorts and re-packages it in bulk for sale to other buyers. *Id.* at 2. Monteagudo worked for All American Clothing as a clothing sorter. *Id.* She sometimes worked over forty hours a week, but was not paid overtime wages for those hours. *Id.* at 2–3. She alleges that other hourly employees who sorted and packaged clothes were also not paid for overtime they worked. *Id.* at 3. In fact, Monteagudo alleges that she had conversations with other employees about their overtime pay. *Id.* Based on these conversations, Monteagudo was able to confirm that these individuals would be interested in potentially opting in to the lawsuit. *Id.* at 5.

Monteagudo, on behalf of herself and all others similarly situated to her, sued All American Clothing to recover the alleged unpaid overtime wages. Dkt. 1. She now seeks conditional certification under the FLSA of the following proposed class:

> All individuals who have worked for All American Clothing, Inc. as hourly employees at any time since January 1, 2015.

Dkt. 14.

## II. ANALYSIS

### A. Conditional Certification

To justify conditional certification at this stage, the plaintiff bears the burden of making a preliminary factual showing that a similarly situated group of potential plaintiffs exists. *Badgett v. Tex. Taco Cabana, L.P.*, No. H–05–3624, 2006 WL 2934265, at *2 (S.D. Tex. Oct. 12, 2006) (Miller, J.). To establish this, the plaintiff must make a minimal showing that: "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Maynor v. Dow Chem. Co.*, No. G–07–0504, 2008 WL 2220394, at *6 (S.D. Tex. May 28, 2008) (Rosenthal, J.) (citing *Prater v. Commerce Equities Mgmt. Co.*, No. H–07–2349, 2007 WL 4146714, at *4 (S.D. Tex. Nov. 19, 2007); *Simmons v. T–Mobile USA, Inc.*, No. H–06–1820, 2007 WL 210008, at *5 (S.D. Tex. Jan. 24, 2007)).

In her motion and supporting evidence, Monteagudo makes a sufficient showing for each of the elements enumerated above. Accordingly, Monteagudo's motion for conditional certification

is GRANTED. However, the court AMENDS Monteagudo's proposed class to encompass the similarly situated individuals that Monteagudo alleges exist. The amended class includes:

> All individuals who have worked for All American Clothing, Inc. as hourly employees sorting and/or packaging used clothing at any time since January 1, 2015.

**B.    Potential Collective Action Member Information**

Monteagudo has requested that All American Clothing provide the name, last known mailing address, and, if maintained, email address and mobile phone number for each putative collective action member. Dkt. 14 at 5. The court has previously found that putative collection action members' names and mailing addresses are sufficient to effectuate notice. *See Abdur-Rahim v. Amerom, Inc.*, No. H–13–2105, 2013 WL 6078955, at *4 (S.D. Tex. Nov. 19, 2013) (explaining that the court has "generally restricted the defendants' production to the names and addresses of potential plaintiffs" at the notice stage). The court finds no reason to require the additional production of email addresses and telephone numbers in this case. Accordingly, Defendants are ORDERED to produce only the name and last known mailing address for each putative collective action member.

**C.    Proposed Notice and Consent Forms**

Monteagudo provided the court with proposed notice and consent forms, which All American Clothing does not oppose.[1] Dkts. 14-3, 14-4, 14-5, 14-6. Thus, the court APPROVES those forms.

### III. CONCLUSION

Monteagudo's motion for conditional certification (Dkt. 14) is GRANTED. It is ORDERED that, within twenty (20) days from the entry of this order, All American Clothing shall provide Monteagudo with the full names and last known addresses for the following class of persons:

---

[1] All American Clothing's failure to respond represents that it is not opposed to the motion. S.D. Tex. L.R. 7.4.

> All individuals who have worked for All American Clothing, Inc. as hourly employees sorting and/or packaging used clothing at any time since January 1, 2015.

It is ORDERED that the notice and consent forms shall be issued according to Monteagudo's proposals. Monteagudo's counsel shall send the notices at its own expense to the potential collective action members via first-class mail within ten (10) days after All American Clothing complies with this order. Monteagudo's counsel may send a second copy of the notices thirty (30) days after sending the first set of notices. The notices shall include a consent form and a self-addressed, stamped envelope. Each potential plaintiff will have sixty (60) days from the postmark date of the first notice to return his or her consent form to Monteagudo's counsel.

Signed at Houston, Texas on January 25, 2018.

_____
Gray H. Miller
United States District Judge